UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA           :

v.                                 :           CR No. 13-043S

GERALD J. SILVA                    :

MOTION TO DISMISS ON THE GROUND THAT THE STATUTES THE
DEFENDANT IS CHARGED WITH VIOLATING ARE
UNCONSTITUTIONALLY VAGUE AS APPLIED TO HIM IN THIS CASE

Now comes the defendant and moves to dismiss this indictment on the ground that the statutes he is charged with violating are unconstitutionally vague as applied to him in this case.

In support of said motion, the defendant submits the attached memorandum of law.

The defense requests oral argument on this motion. The estimated time for said argument is 30 minutes per side.

The defense requests an evidentiary hearing on this motion. The defense estimates the defense evidence for this motion would take about one to two days, including the estimated time to cross-examine the defense expert and present the evidence which is the subject of this motion. This time could be shortened if the parties and the Court agree to simply submit the DVDs in question as exhibits to be reviewed by the Court outside the presence of the parties.

<u>CERTIFICATION PURSUANT TO 18 U.S.C. section 3161(h)</u>

Pursuant to Criminal Rule 12 of the Local Rules of the District of Rhode Island for the United States District Court, the filing and disposition of this motion would constitute excludable time under 18 U.S.C. § 3161 (h) (Speedy Trial Act), of an uncertain amount.

There has been previous delay of an uncertain amount related to the filing of pretrial motions.

        Gerald J. Silva
        By his attorney,

        /s/ Robert B. Mann
        Mann & Mitchell
        One Turks Head Place, Suite 610
        Providence, RI 02903
        (401) 351-5770
        Fax: (401) 521-4305
        rmann@mannmitchelllaw.com

<u>CERTIFICATION</u>

I hereby certify that I delivered a copy of the foregoing, by way of ECF filing to Terrence Donnelly, AUSA, on the 30th day of October, 2013.

        /s/Robert B. Mann
        Robert B. Mann #0153
        Mann & Mitchell
        610 Turks Head Place
        Providence, RI  02903
        (401) 351-5770
        rmann@mannmitchelllaw.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA     :

v.     :     CR No. 13-043S

GERALD J. SILVA     :

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS ON THE GROUND THAT THE STATUTES THE DEFENDANT IS CHARGED WITH VIOLATING ARE UNCONSTITUTIONALLY VAGUE AS APPLIED TO HIM IN THIS CASE

I.    INTRODUCTION AND FACTS OF THE CASE

The defendant is charged in counts 1 through 6 with receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2) and in count 7 with possession of child pornography in violation of 18 U.S.C. § 2252(a)(4). For the purposes of this motion, the operative language is the same in the two subsections of the 18 U.S.C. § 2252. What is prohibited is the receipt or possession of images of minors involving "sexually explicit conduct." The term "sexually explicit conduct" is defined in 18 U.S.C. § 2256 as follows:

> **(2)(A)** Except as provided in subparagraph (B), "sexually explicit conduct" means actual or simulated--
> **(i)** sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;
> **(ii)** bestiality;
> **(iii)** masturbation;
> **(iv)** sadistic or masochistic abuse; or
> **(v)** lascivious exhibition of the genitals or pubic area of any person;

18 U.S.C. § 2256.

1

In this case, paragraph 1 of the Indictment alleges the DVDs in question contained, "…visual depictions of minor males involving the lascivious exhibition of the genitals." The defense submits that the issue in this case is limited to 18 U.S.C. § 2256(2)(A)(v). The defense does not believe there would be any basis for the government to proceed with respect to 18 U.S.C. § 2256(2)(A) subsections (i), (ii), (iii), or (iv).

The question this case presents is the constitutionality of the definition of "sexually explicit conduct" as the "lascivious exhibition of the genitals" of minors. As noted above, the indictment specifically uses the term, "lascivious exhibition of the genitals." Thus, based on the indictment the only portion of 18 U.S.C. § 2256(2)(A)(v) at issue is that which references lascivious exhibition of genitals. The lascivious exhibition of pubic area is not referenced in the indictment and is therefore presumably inapplicable to this case. The defense notes however the analysis in this case is equally applicable to that portion of 18 U.S.C. § 2256(2)(A)(v) which refers to the pubic area of an individual.

II.     THE LEGAL ISSUE

   A.     A Review of Case Law

The United States Supreme Court has held that the distribution and possession of child pornography may be proscribed. New York v. Ferber, 458 U.S. 747 (1982); Osborne v. Ohio, 495 U.S. 103, 111 (1990). The Supreme Court has also rejected a claim that 18 U.S.C. § 2256(2)(A)(v) is overbroad. In United States v. Williams, 553 U.S. 285 (2008), the Court said:

> Under this heading the Eleventh Circuit also thought that the statute could apply to someone who subjectively believes that an innocuous

> picture of a child is "lascivious." (Clause (v) of the definition of "sexually explicit conduct" is "lascivious exhibition of the genitals or pubic area of any person." § 2256 (2)(A) (2000 ed., Supp. V)) That is not so. The defendant must believe that the picture contains certain material, and that material in fact (and not merely in his estimation) must meet the statutory definition. Where the material at issue is a harmless picture of a child in a bathtub and the defendant, knowing that material, erroneously believes that it constitutes a "lascivious exhibition of the genitals," the statute has no application.

553 U.S. at 301.  Williams also considered a vagueness challenge to a different section of the child pornography statute, but the Court's comments about the vagueness doctrine provide guidance for the challenge in this case.  Id. at 304-307.  The Court said:

> What renders a statute vague is not the possibility that it will sometimes be difficult to determine whether the incriminating fact it establishes has been proved; but rather the indeterminacy of precisely what that fact is. Thus, we have struck down statutes that tied criminal culpability to whether the defendant's conduct was "annoying" or "indecent"—wholly subjective judgments without statutory definitions, narrowing context, or settled legal meanings. See *Coates v. Cincinnati,* 402 U.S. 611, 614, 91 S.Ct. 1686, 29 L.Ed.2d 214 (1971); *Reno, supra,* at 870–871, and n. 35, 117 S.Ct. 2329.

Id. at 306.

In this case the defense contends that the term "lascivious" is functionally akin to the term "indecent" employed in Reno v. American Civil Liberties Union, 521 U.S. 844 (1997).  For the same reasons that the court in Reno found the term "indecent" unconstitutionally vague, this Court should find term "lascivious" is unconstitutionally vague.  In Reno, the Court was considering provisions of the Communications Decency Act of 1996 ("CDA"), one of which used the term "indecent" and the other referenced material that,  "'in context, depicts or describes, in terms patently offensive as measured by contemporary community standards, sexual or excretory activities or organs,'

3

§ 223(d)." Id. at 871. The Court assumed arguendo that the "indecent" standard and the "patently offensive" standard were synonymous. Id. at 873.

In Reno, the government argued that the "indecent" standard was constitutional because it was "no more vague" than the second prong of the obscenity standard established in Miller v. California, 413 U.S. 15 (1973). In Miller, the Court established a three pronged test for obscenity. The second prong was, "(b) whether the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by the applicable state law." Id. at 24. The Supreme Court rejected the government's argument in Reno, focusing specifically on the requirement in the second prong that the sexual conduct be "specifically defined by the applicable state law." 521 U.S. at 873. The Supreme Court said that this phrase reduced the vagueness, "inherent in the open-ended term 'patently offensive.'" Id. The defense contends that the terms "patently offensive" and "indecent" are analogous to the term "lascivious." They are all open-ended terms bereft of concrete definition.

In Reno, the Supreme Court also noted that:

> Moreover, the *Miller* definition is limited to "sexual conduct," whereas the CDA extends also to include (1) "excretory activities" as well as (2) "organs" of both a sexual and excretory nature.

521 U.S. at 873. In this case, the evidence will show that the facts are limited to the display of organs. The evidence will show there is no sexual conduct, and indeed the indictment does not allege the display of sexual conduct. All of these facts support the defense argument that the term lascivious is unconstitutionally vague.

In Reno, the Supreme Court also said the Government reasoning was incorrect because the comparison to the second prong of the obscenity test in Miller did not take

4

into account the fact that the second prong in <u>Miller</u> was qualified by the fact that the government had to also satisfy the first and third prongs of the <u>Miller</u> test. <u>Id</u>. at 873.

The Court said:

> Each of *Miller's* additional two prongs—(1) that, taken as a whole, the material appeal to the "prurient" interest, and (2) that it "lac[k] serious literary, artistic, political, or scientific value"—critically limits the uncertain sweep of the obscenity definition.

<u>Reno v. Am. Civil Liberties Union</u>, 521 U.S. at 873. The Court went to discuss the critical importance of the second, "societal value" component because that component, "…allows appellate courts to impose some limitations and regularity on the definition by setting, as a matter of law, a national floor for socially redeeming value." <u>Id</u>. at 873. For these reasons the Court in <u>Reno</u> concluded that the vagueness of the CDA conflicted with the First Amendment right of freedom of speech. The Court said:

> In contrast to *Miller* and our other previous cases, the CDA thus presents a greater threat of censoring speech that, in fact, falls outside the statute's scope. Given the vague contours of the coverage of the statute, it unquestionably silences some speakers whose messages would be entitled to constitutional protection. That danger provides further reason for insisting that the statute not be overly broad. The CDA's burden on protected speech cannot be justified if it could be avoided by a more carefully drafted statute.

<u>Reno v. Am. Civil Liberties Union</u>, 521 U.S. at 874.

The reasoning in <u>Reno</u> is equally applicable to the term "lascivious" in this case. The term, standing alone, without the qualifying first and third prongs of the <u>Miller</u> test is unconstitutionally vague.

In <u>United States v. Amirault</u>, 173 F.3d 28 (lst Cir. 1999), the First Circuit noted that the term "lascivious exhibition of the genitals or pubic area" is not defined in the statute. <u>Id</u>. at 31. The Court went on to recognize the six factors identified in <u>United</u>

5

States v. Dost, 636 F.Supp. 828, 832 (S.D.Cal.1986), aff'd sub nom., United States v. Wiegand, 812 F.2d 1239, 1244 (9th Cir.1987), cert. denied, 484 U.S. 856 (1987).  The Court of Appeals went on to say:

> We believe that the Dost factors are generally relevant and provide some guidance in evaluating whether the display in question is lascivious. We emphasize, however, that these factors are neither comprehensive nor necessarily applicable in every situation. Although Dost provides some specific, workable criteria, there may be other factors that are equally if not more important in determining whether a photograph contains a lascivious exhibition. The inquiry will always be case-specific.

United States v. Amirault, 173 F.3d at 32.  The Court of Appeals has emphasized that the Dost factors are "problematic" and not dispositive.  United States v. Batchu, 724 F.3d 1, 9 (lst Cir. 2013), pet. for cert. filed, 2013; see also United States v. Frabizio, 459 F.3d 80, 88 (lst Cir. 2006) (warning against the unqualified use of the Dost factors).  The Ninth Circuit has adopted a somewhat similar approach.  It has said the factors are "neither exclusive nor inclusive," they are "general principles as guides for analysis" and they are a "starting point" in the analysis of whether an image is child pornography.  Shoemaker v. Taylor, 2013 WL 4865193 (9th Cir. Sept. 13, 2013), citing United States v. Hill, 459 F.3d 966, 972 (9th Cir. 2006), cert. denied, 549 U.S. 1299 (2007).  The Sixth Circuit has similarly noted the limits of the Dost factors and the need for a "case-specific" inquiry, stating:

> In applying *Dost,* however, we have noted that "this list is not exhaustive, and an image need not satisfy every factor to be deemed lascivious." *Campbell,* 81 Fed.Appx. at 536; *see also Frabizio,* 459 F.3d at 87 (explaining that the Dost factors "are neither comprehensive nor necessarily applicable in every situation" and that "[t]he inquiry will always be case-specific.") (internal quotation marks and citations omitted).

6

United States v. Brown, 579 F.3d 672, 680 (6th Cir. 2009), cert. denied, 558 U.S. 1133 (2010).

The military courts in considering the meaning of lascivious under 18 U.S.C. § 2256(2) have noted the Dost factors and have adopted a test that considers the Dost factors "with an overall consideration of the totality of the circumstances." United States v. Roderick, 62 M.J. 425, 430 (C.A.A.F. 2006), citing to United States v. Amirault, and other federal cases as supporting this approach. See also United States v. Rapp, 2013 WL 1829157 (N.M.Ct.Crim.App. 2013) (quoting federal cases that the Dost factors are not definitive and the need for a case specific inquiry).

B.  Cases Upholding the Constitutionality of the Term Lascivious

In United States v. Wiegand, supra, which affirmed the ruling by the court in Dost, the Court also rejected a claim that the term "lascivious" was unconstitutionally vague. The Court said:

> "Lascivious" is no different in its meaning than "lewd," a commonsensical term whose constitutionality was specifically upheld in *Miller v. California,* 413 U.S. 15, 25, 93 S.Ct. 2607, 2615, 37 L.Ed.2d 419 (1973), and in *Ferber* 458 U.S. at 765, 102 S.Ct. at 3359.

United States v. Wiegand, 812 F.2d 1239, 1243 (9th Cir. 1987). In New York v. Ferber, 458 U.S. 747, 765 (1982), the Supreme Court said:

> The term "lewd exhibition of the genitals" is not unknown in this area and, indeed, was given in *Miller* as an example of a permissible regulation. 413 U.S., at 25, 93 S.Ct., at 2615.

Id. at 765. In Miller v. California, 413 U.S. at 24 (1973), the Supreme Court held that a state could regulate expression which met a three part test:

7

> The basic guidelines for the trier of fact must be: (a) whether 'the average person, applying contemporary community standards' would find that the work, taken as a whole, appeals to the prurient interest, Kois v. Wisconsin, supra, 408 U.S., at 230, 92 S.Ct., at 2246, quoting Roth v. United States, supra, 354 U.S., at 489, 77 S.Ct., at 1311; (b) whether the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by the applicable state law; and (c) whether the work, taken as a whole, lacks serious literary, artistic, political, or scientific value.

Miller v. California, 413 U.S. at 24. The Court went on to say that it was not the Court's job to tell the States how to regulate expression, but the Court did give two examples of what could be regulated under part (b) of the above enunciated standard. One of those two examples was:

> (b) Patently offensive representation or descriptions of masturbation, excretory functions, and lewd exhibition of the genitals.

Miller v. California, 413 U.S. at 25. It is this statement in Miller which is clearly the foundation for the conclusion in United States v. Wiegand that the term "lascivious" was unconstitutionally vague.

    Several factors call into question this conclusion. First, the Miller test contained three components. The term "lewd exhibition of the genitals" was only an example of what could be regulated under part (b) of the Miller standard. In order to be subject to regulation, expression still had to satisfy parts (a) and (c) of the Miller standard. Part (a) required that: "'the average person, applying contemporary community standards' would find that the work, taken as a whole, appeals to the prurient interest" and part (c) requires that: "the work, taken as a whole, lacks serious literary, artistic, political, or scientific value." Id. at 24. Miller only indicated that the term, "lewd exhibition of the genitals" would be a constitutionally sufficient definition of expression that could be regulated when that expression also satisfied parts (a) and (c) of its formulation. Moreover, in

8

Miller the Court was discussing the definition of obscenity not child pornography. In this case, the issue is whether or not the term "lascivious" is constitutionally vague. Because this case involves an allegation of child pornography and because the term "lascivious" comes from the statute, not a judicially crafted standard, the term "lascivious" stands alone rather than being one part of a three-part test. The decision of the Court in United States v. Wiegand that the term "lascivious" was not unconstitutionally vague rested on the decision in Miller, but in fact Miller does not support such a conclusion. The reference to the term in New York v. Ferber was clearly based on Miller. See also the discussion of Miller and Reno above in this memorandum.

Some other cases have held that the term "lascivious" is not unconstitutionally vague. In United States v. Reedy, 845 F.2d 239 (10th Cir. 1988), cert. denied, 489 U.S. 1055 (1989), the Court made a finding relying on United States v. Wiegand, supra.

In United States v. Freeman, 808 F.2d 1290, 1292 (8th Cir. 1987), cert. denied, 480 U.S. 922 (1987), the Court also rejected a vagueness challenge to the term "lascivious exhibition of the genitals." The Court noted that Congress had substituted the term lascivious for lewd,

> …because historically, lewd has been equated with obscenity and Congress wanted to "make it clear than an exhibition of a child's genitals does not have to meet the obscenity standard to be unlawful." 130 Cong.Rec. S 3510, S 3511 (daily ed. March 30, 1984) (statement of Rep. Specter).

United States v. Freeman, 808 F.2d at 1292. The Court went on to discuss the constitutional requirement that a statute provide adequate notice to a defendant and then simply concluded by saying:

> Hence, the question in the present case is whether the term "lascivious exhibition of the genitals" reasonably gave Freeman and

9

> Bass notice that it was illegal to video tape a sixteen year old girl, wearing nothing but a see-through orange scarf, and to zoom in for close up shots of her genitals. We fail to see how men of reasonable intelligence, guided by common understanding and practices, would believe that such conduct is permissible.

United States v. Freeman, 808 F.2d at 1292.  The Court did not discuss how the term lascivious gave notice as to what was proscribed; rather the court seemed to simply say that in the facts of the particular case before it, conduct was clearly illegal.  United States v. Wolf, 890 F.2d 241 (10th Cir. 1989), is another case which has upheld the constitutionality of the term "lascivious" against a vagueness challenge.  The Court relied on United States v. Freeman, supra, Miller v. California, supra, and United States v. Wiegand, supra.

C.    Jury Instructions

Model jury instructions which purport to define the term lascivious further illuminate how vague the term is.  The model instructions for the First Circuit state:

> Whether an image of the genitals or pubic area constitutes a "lascivious exhibition" requires a consideration of the overall content of the material. In considering the overall content of the image, you may, but are not required to, consider the following factors: (1) whether the genitals or pubic area are the focal point of the image; (2) whether the setting of the image is sexually suggestive, for example, a location generally associated with sexual activity; (3) whether the child is depicted in an unnatural pose or inappropriate attire, considering the age of the child; (4) whether the child is fully or partially clothed, or nude; (5) whether the image suggests sexual coyness or a willingness to engage in sexual activity; (6) whether the image appears intended or designed to elicit a sexual response in the viewer. An image need not involve all of these factors to constitute a "lascivious exhibition." It is for you to decide the weight, or lack of weight, to be given to any of the factors I just listed. You may conclude that they are not applicable given the facts of this case. This list of factors is not comprehensive, and you

10

>    may consider other factors specific to this case that you find
>    relevant.

§ 4.18.2252, Judge D. Brock Hornby's 2013 Revisions to <u>Pattern Criminal Jury Instructions for the District Courts of the First Circuit</u>, District of Maine Internet Site Edition, Updated 10/1/13.  The instructions cite to the <u>Dost</u> factors, without citing the case, and then indicate that an image may be lascivious even if it does not include all these factors, and that the jury is free to "decide the weight or lack of weight" to be given these factors.  Indeed, the jury is instructed they may find these factors not applicable and may consider other factors which are case specific.  This is also the instruction this Court gave in <u>United States v .Donald J. Jones</u>, Cr. 11-082—S, listed on this Court's web page.

  The Fifth Circuit Pattern Jury Instructions state:

> "Sexually explicit conduct" means actual or simulated
> sexual intercourse, including genital-genital, oral-genital,
> anal-genital, or oral-anal, whether between
> persons of the same or opposite sex; bestiality; sadistic
> or masochistic abuse; or lascivious exhibition of the
> genitals or pubic area of any person. Be cautioned that
> not every exposure of the genitals or pubic area constitutes
> lascivious exhibition. Whether a visual depiction
> constitutes such a lascivious exhibition requires a
> consideration of the overall content of the material. You
> may consider such factors as whether the focal point of
> the visual depiction is on the child's genitalia or pubic
> area; whether the setting of the depiction is sexually
> suggestive, that is, in a place or pose associated with
> sexual activity; whether the child is depicted in an unnatural
> pose or in inappropriate attire, considering the
> age of the child; whether the child is fully or partially
> nude; whether the visual depiction suggests sexual coyness
> or a willingness to engage in sexual activity; or
> whether the depiction is designed to elicit a sexual response
> in the viewer. This list is not exhaustive, and no
> single factor is dispositive.

11

Pattern Jury Instructions, 2.82G (Criminal Cases), Prepared by the Committee on Pattern Jury Instructions, District Judges Association, Fifth Circuit, 2012 Edition.  <u>See</u>, http://www.lb5.uscourts.gov/juryinstructions/.  The instructions identify the <u>Dost</u> factors, though not mentioning the case, note that whether a depiction is lascivious requires consideration of the "overall content" of the material, and caution, "that not every exposure of the genitals or pubic area constitutes lascivious exhibition."

      The Eleventh Circuit Pattern Jury Instructions state:

> "Lascivious exhibition" means indecent exposure of the genitals or pubic area, usually to incite lust. Not every exposure is a lascivious exhibition.
>     To decide whether a visual depiction is a lascivious exhibition, you must consider the context and setting in which the genitalia or pubic area is being displayed. Factors you may consider include:
> - the overall content of the material;
> - whether the focal point of the visual depiction is on the minor's genitalia or pubic area;
> - whether the setting of the depiction appears to be sexually inviting or suggestive – for example, in a location or in a pose associated with sexual activity;
> - whether the minor appears to be displayed in an unnatural pose or in inappropriate attire;
> - whether the minor is partially clothed or nude;
> - whether the depiction appears to convey sexual coyness or an apparent willingness to engage in sexual activity; and
> - whether the depiction appears to have been designed to elicit a sexual response in the viewer.
>
> A visual depiction need not have all these factors to be a lascivious exhibition.

Eleventh Circuit Pattern Jury Instructions, 83.4A  (Criminal Cases) 2010.  <u>See</u> http://www.ca11.uscourts.gov/documents/jury/crimjury.pdf.  Like the other jury instructions which are cited, this instruction references the <u>Dost</u> factors without mentioning the case.  It also says that context and setting must be considered and that not every exposure of the genitals or pubic area is lascivious.

12

III.     ARGUMENT THAT THE LAW IS UNCONSTITUTIONALLY VAGUE

The defendant has been charged in counts 1 through 6 with violating 18 U.S.C. § 2252(a)(2) and in count 7 with violating 18 U.S.C. § 2252(a)(4). The statutes prohibit the receipt and possession of images of minors involving "sexually explicit conduct." The term "sexually explicit conduct" is defined in 18 U.S.C. § 2256(2)(A)(v) as the " **(v)** lascivious exhibition of the genitals or pubic area of any person." The defense contends these statutes are unconstitutionally vague in violation of the due process clause of the Fifth Amendment to the United States Constitution. As the Court in Williams, supra, noted, the void for vagueness doctrine comes from the due process clause of the Fifth Amendment. The Court said:

> Vagueness doctrine is an outgrowth not of the First Amendment, but of the Due Process Clause of the Fifth Amendment. A conviction fails to comport with due process if the statute under which it is obtained fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement. *Hill v. Colorado,* 530 U.S. 703, 732, 120 S.Ct. 2480, 147 L.Ed.2d 597 (2000); see also *Grayned v. City of Rockford,* 408 U.S. 104, 108–109, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972).

United States v. Williams, 553 U.S. at 304. That is precisely the problem with the term "lascivious" in this case. It is not cabined by the additional requirements imposed in Miller v. California, supra. The judicially created Dost factors are most frequently qualified with a series of admonitions that grossly limit any effect they may have in curing the vagueness of the term "lascivious." The factors are not applicable in every case, they are not comprehensive, other factors may be more important, and they are not

inclusive or exclusive. Moreover, courts have said the totality of the circumstances have to be considered and the inquiry must be case-specific.

The various model jury instructions reinforce the argument that the term "lascivious" is unconstitutionally vague. They recite the <u>Dost</u> factors and then limit the import of those factors. They First Circuit instructions specifically talk about case-specific factors.

There is simply no way the term "lascivious" provides the defendant in this case with fair notice of what is prohibited. It does not tell him what may be viewed and what may not be viewed. It is also unconstitutionally vague because it fails to provide standards for law enforcement officers to protect against arbitrary and discriminatory enforcement. In <u>Grayned v. City of Rockford</u>, 408 U.S. 104 (1972), the Supreme Court identified three ways in which vague statutes violated due process. The first was in failing to provide reasonable notice to a person of ordinary intelligence of what is not allowed. <u>Id</u>. at 108.

The term "lascivious" is also unconstitutionally vague because it fails to provide standards for law enforcement officers and other decision makers, such as judges and juries, to protect against arbitrary and discriminatory enforcement. In <u>Grayned</u>, the Court said:

> Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them.[4] A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application.[5] [Footnotes omitted]

<u>Grayned v. City of Rockford</u>, 408 U.S. at 108-09. In this case, the term "lascivious" fosters precisely that kind of subjective and ad hoc decision-making. Decision-makers are

14

permitted to consider the Dost factors, but they may also disregard those factors. They may consider other factors that are not defined and those other factors may be as or more important than the Dost factors. Finally, every decision is case specific. See United States v. Amirault, supra. The term case-specific becomes the quintessential manifestation of ad hoc subjective decision-making.

Grayned also identified a third consequence of vague statutes. The Court said:

> Third, but related, where a vague statute 'abut(s) upon sensitive areas of basic First Amendment freedoms,'[6] it 'operates to inhibit the exercise of (those) freedoms.'[7] Uncertain meanings inevitably lead citizens to "steer far wider of the unlawful zone' . . . than if the boundaries of the forbidden areas were clearly marked.'[8] [Footnotes omitted]

Grayned v. City of Rockford, 408 U.S. at 109.  In this case, the vague term "lascivious" implicates the defendant's First Amendment right to view visual depictions which may contain nudity. .

For all of the reasons set forth above, the defenses asks that this motion to dismiss be granted.

Gerald J. Silva
By his attorney,


/s/ Robert B. Mann
Mann & Mitchell
One Turks Head Place, Suite 610
Providence, RI 02903
(401) 351-5770
Fax: (401) 521-4305
rmann@mannmitchelllaw.com

15

## CERTIFICATION

  I hereby certify that I delivered a copy of the foregoing, by way of ECF filing to Terrence Donnelly, AUSA, on the 30th day of October, 2013.

                /s/Robert B. Mann
                Robert B. Mann #0153
                Mann & Mitchell
                610 Turks Head Place
                Providence, RI  02903
                (401) 351-5770
                rmann@mannmitchelllaw.com