UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA          :

v.                                :          CR No. 13-043S

GERALD J. SILVA                   :

DEFENDANT'S PRETRIAL MEMORANDUM

I.     ANALYSIS OF THE LAW

In this case, Counts 1 through 6 charge the receipt of child pornography and count 7 charges the possession of child pornography.[1] To prove Counts 1 through 6, the Government must prove the following:

First, that Gerald Silva knowingly received a videotape or videotapes;

Second, that the videotape or videotapes contained at least one image of child pornography;

Third, that Gerald Silva knew that the videotape contained an image of child pornography; and

Fourth, that the image of child pornography had been mailed and moved in interstate or foreign commerce.

To prove Count 7, the Government must prove the same elements as Counts 1 through 6, except it need not prove receipt of a videotape or videotapes. It need prove possession of a videotape or videotapes.

---

[1] The defense recognizes that Counts 1 through 6 charge a violation of 18 U.S.C. §2252(a)(2) and count 7 charges a violation of 18 U.S.C. §2252(a)(4). The terms receipt and possession are used simply as a shorthand way of referring to the statutory sections under which the defendant is charged.

1

This general outline of the law is taken from Judge D. Brock Hornby's 2013 Revisions To Pattern Criminal Jury Instructions For The District Courts Of The First Circuit, available at the United States District Court, District of Maine web site.  Other specific sources are cited in the jury instructions and include United States v. Kamen, 491 F. Supp. 2d 142 (D. Mass. 2007); United States v. Gendron, 18 F.3d 955 (lst Cir. 1984), cert. denied, 513 U.S. 1051 (1994); United States v. Amirault, 173 F.3d 28, 33 (lst Cir. 1999); and U.S. v. Jones, 11-82S (D.R.I.).

For all counts, the critical question in this case will be the definition of child pornography and more particularly the definition of lascivious.

II.   OTHER MATTERS TO BE CONSIDERED PRIOR TO TRIAL

A.   Preliminary Instructions to the Jury

The jury in this case will be shown DVDs and have to make a determination as to whether the images on those DVDs constitute the lascivious exhibition of the genitals of the minors in the films. The defense believes the jury should be instructed prior to viewing the films of the definition of lascivious.

B.   The Logistics of the Defense Presenting Evidence and Otherwise Using the Electronic Equipment in the Courtroom

The defense anticipates playing many or all of the DVDs which are the basis of the indictment.  Because this is a child pornography case, the defense does not have copies of these DVDs.  The defense will require the government's assistance in making the DVDs available.  The defense also believes the presentation of evidence would be

enhanced with an opportunity to test the actual equipment that will be used to present the DVDs to the jury prior to trial.

In addition to the DVDs which are the bases of the indictment, the defense may seek to play other DVDs seized from the defendant to the jury. The defense will need the government's assistance in making those DVDs available.

    C.    Closing Arguments

The defense would ask for guidance as to the Court's policy with respect to using written and or electronic materials during closing arguments.

III.    POTENTIAL LEGAL ISSUES

The defense identifies the following potential legal issues.

GOVERNMENT 404(B) EVIDENCE

The defense filed a motion for Rule 404(b) evidence. The government response said that it might seek the admission of the matters listed below and would provide reasonable notice if it were to seek the admission of other matters:

> the balance of the images and videos seized from the defendant's residence;
>
> other items seized from the defendant's residence (already viewed by counsel) which may bear on the elements of the offense, particularly knowledge; and
>
> evidence that the defendant was involved in a nudist "camp."

The defense does not know at this point which of these items, if any, the government might seek to admit or any other items. The defense asks that at this point

that the Government be required to identify any particular images and videos it might seek to introduce and any other items that were seized from the defendant's residence which the government might seek to introduce.

With respect to the evidence that the defendant was involved in a nudist "camp," the defense asks that the Government specify what that evidence is.

In addition, if there is other 404(b) evidence which the Government anticipates introducing, the defense asks for notice of the same at this point.

Depending upon what 404(b) evidence is admitted, the defense may or may not ask for a curative instruction.

IV.	ESTIMATE REGARDING NUMBER OF DAYS TO PRESENT CASE

The defense estimates it would take about two to three days to present its case.

>	Gerald Silva
>	By his attorney,
>
>	/s/ Robert B. Mann
>	Mann & Mitchell
>	One Turks Head Place, Suite 610
>	Providence, RI 02903
>	(401) 351-5770
>	Fax: (401) 521-4305
>	rmann@conversent.net

## CERTIFICATION

I hereby certify that I delivered a copy of the foregoing, by way of ECF filing to Terrence Donnelly, AUSA, on the 27th day of January, 2014.

/s/Robert B. Mann
Robert B. Mann #0153
Mann & Mitchell
610 Turks Head Place
Providence, RI  02903
(401) 351-5770
rmann@mannmitchelllaw.com